**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

       v.           **1:04-CR-339**
                     **(FJS)**
**JAMES MARLEY,**

    **Defendant.**
_____

**APPEARANCES**            **OF COUNSEL**

**OFFICE OF THE UNITED**       **PAUL D. SILVER, AUSA**
**STATES ATTORNEY**
218 James T. Foley United States Courthouse
445 Broadway
Albany, New York 12207-2924
Attorneys for United States

**OFFICE OF THE FEDERAL**       **GENE V. PRIMOMO, AFPD**
**PUBLIC DEFENDER**
39 North Pearl Street, 5th Floor
Albany, New York 12207
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

In a one-count Indictment, the Government charges Defendant with conspiracy to distribute and possess with the intent to distribute more than twenty-five grams of cocaine and more than fifty grams of cocaine base (crack).

Currently before the Court is Defendant's motion to dismiss the Indictment due to the Government's alleged failure to timely prosecute him, based on the Speedy Trial Act, the Due

Process Clause of the Fifth Amendment, and the Speedy Trial Clause of the Sixth Amendment. Moreover, Defendant requests that the Court review Magistrate Judge Homer's prior dismissal of the original criminal complaint "without prejudice" pursuant to 18 U.S.C. § 3162(a)(2).

## II. BACKGROUND

In February and March of 2000, the Drug Enforcement Administration used an informant to purchase cocaine from Defendant and his supplier. Following these transactions, the Government executed a search warrant in May 2000, at Defendant's residence, where they seized cocaine.

The Government filed the original complaint charging Defendant with distribution of crack cocaine on May 2, 2000; however, the parties entered into negotiations because Defendant cooperated in a "de-briefing" with law enforcement agents on July 10, 2000. During this period, more than thirty days of non-excludable Speedy Trial Act time elapsed without return of an indictment. Therefore, the Government moved to dismiss the complaint, and Magistrate Judge Homer granted its motion "without prejudice" on August 14, 2001.

As the statute of limitations approached, a grand jury returned the present Indictment on June 30, 2004. After locating Defendant, the Government notified him of the charges and allowed him to appear in federal court on December 6, 2005, without arrest. Based on the Government's recommendation, the Court released him pending trial.

Defendant filed the present motion on September 6, 2006, and the Court heard oral argument in support of, and in opposition to, that motion on November 21, 2006. At that time,

the Court reserved decision.  The following is the Court's written determination of this motion.

### III. DISCUSSION

**A.    Defendant's Speedy Trial Act rights**

Defendant asserts that Magistrate Judge Homer should have dismissed the original complaint "with prejudice" pursuant to the factors listed in 18 U.S.C. § 3162.  He also contends that he is being re-prosecuted for the acts underlying the original complaint after an unreasonable delay in violation of the Speedy Trial Act.

The Government responds that the Speedy Trial Act does not apply in this case because the present Indictment consists of a different charge than the original complaint.  Moreover, the Government asserts that, since the present Indictment consists entirely of a distinct charge from that contained in the original complaint, Defendant's request that this Court review Magistrate Judge Homer's dismissal of the original complaint is moot.  Finally, the Government contends that dismissal of the original complaint "without prejudice" was proper pursuant to the factors listed in 18 U.S.C. § 3162.

Statutes of limitations and the Fifth Amendment's Due Process Clause are a defendant's primary protections against undue delay.  *See United States v. Gaskin*, 364 F.3d 438, 452 (2d Cir. 2004) (citations omitted).  The critical question in this case is whether the offense charged in the present Indictment was specifically charged in the original complaint because, if it was not, the dismissal remedy of 18 U.S.C. § 3162(a)(1) does not apply and review of Magistrate Judge Homer's dismissal of the original complaint would be unavailable.  *See id.*  Thus, even when

overlapping or identical facts are involved, dismissal is not warranted if the present Indictment charge requires proof of distinct or additional elements which the charge in the original complaint did not require. *See id.* at 453. For example, in *Gaskin*, the Second Circuit held that two charges in the complaint differed from those in the indictment: attempted possession of marijuana differed from possession of marijuana and one conspiracy differed from a second conspiracy pleading the additional element of drug quantity over 100 kilograms. *See id.* at 452-53.

In this case, the charge (distribution of crack cocaine) in the complaint and the charge (conspiracy to distribute and possess with the intent to distribute more than twenty-five grams of cocaine and more than fifty grams of crack cocaine) in the Indictment arise from the same operative facts, but they are not the same offenses for Speedy Trial Act purposes for two reasons. First, the Indictment charge of conspiracy requires additional proof not required in the complaint charge of distribution – namely, proof of an agreement. Second, the Indictment charge of conspiracy alleges the additional element of drug quantities of more than twenty-five grams of cocaine and more than fifty grams of crack cocaine, which, if proven, will lead to higher prescribed penalties pursuant to 21 U.S.C. § 841(b)(1).

Accordingly, the Court **DENIES** Defendant's motion to dismiss the Indictment for alleged Speedy Trial Act violations because the charge in the complaint has not been included in the present Indictment. Moreover, since the charge in the present Indictment differs from that in the original complaint, the Court **DENIES** Defendant's motion to review Magistrate Judge

Homer's dismissal of the original complaint as unavailable.[1]

## B. Defendant's Fifth Amendment Due Process rights

Defendant asserts that the time between the original complaint's dismissal and the present Indictment violates his rights under the Due Process Clause of the Fifth Amendment.

The Government responds that Defendant has not established either that the delay was an intentional ploy to gain a tactical advantage or to harass Defendant or that the delay resulted in actual prejudice.

Pre-indictment delay constitutes a due process violation only if the defendant shows both "'actual prejudice'" and "'unjustifiable Government conduct.'" *United States v. Alameh*, 341 F.3d 167, 176 (2d Cir. 2003) (citation omitted).

In this case, Defendant has made no showing of either actual prejudice or intentional Government conduct. Accordingly, the Court **DENIES** Defendant's motion to dismiss the Indictment based on the Due Process Clause of the Fifth Amendment.

---

[1] In passing, the Court notes that Magistrate Judge Homer's "without prejudice" designation was appropriate pursuant to 18 U.S.C. § 1362. Applying the four factors contained therein, (1) the charged crime was "serious" because Defendant allegedly conspired to distribute a significant quantity of a "hard" drug, *see United States v. Simmons*, 786 F.2d 479, 485 (2d Cir. 1986) (citations omitted); (2) the Government was at worst negligent regarding the delay because the Government's contention that both parties anticipated the delay in bringing charges under the original complaint due to ongoing cooperation and negotiation is credible; and (3) Defendant has not shown how the delay in this case would adversely impact either the administration of justice or the Speedy Trial Act and has not cited any specific prejudice.

### C. Defendant's Sixth Amendment Speedy Trial rights

Defendant requests that the Court apply the four-part test set out in *Barker v. Wingo*, 407 U.S. 514 (1972), and *Doggett v. United States*, 505 U.S. 647 (1992), to determine whether the Government has violated his Sixth Amendment speedy trial rights.

The Government responds that a Sixth Amendment violation has not occurred because (1) the Government is not to blame for the delay; (2) Defendant did not timely assert his speedy trial rights; and (3) there is no evidence of prejudice.

Courts consider the following four factors in analyzing a Sixth Amendment speedy trial challenge: (1) length of delay; (2) the reason for the delay; (3) the defendant's timely assertion of the right; and (4) prejudice to the defendant. *See Barker*, 407 U.S. at 530 (footnote omitted). The length of the delay acts as a triggering mechanism for consideration of the other three factors. *See id.* Thus, courts will analyze the latter three factors only when there is a presumptively prejudicial delay. *See id.* Although there is no bright-line standard as to what constitutes a presumptively prejudicial delay, courts generally agree that the threshold is crossed as the delay approaches one year. *See Doggett*, 505 U.S. at 652 n.1 (citations omitted). Moreover, in borderline cases, excessive pre-indictment delay may be relevant in determining whether a delay is presumptively prejudicial, as a "'peculiar circumstance[] of the case.'" *See United States v. Vispi*, 545 F.2d 328, 333 (2d Cir. 1976) (citation and quotation omitted).

The second factor places the burden on the Government to bring the defendant to trial. *See Barker*, 407 U.S. at 531. It is clear that intentional delay to obtain tactical advantage is improper, but courts must also consider neutral reasons such as negligence and crowded court

dockets. *See id.* However, such neutral reasons are weighed less heavily against the Government, and a valid reason, such as a missing witness, will justify an appropriate delay. *See id.*

The third factor requires the defendant to assert his speedy trial rights in a timely manner, but this factor is closely related to the length of the delay, the reason for the delay, and the prejudice, if any, that the defendant experienced. *See id.* A defendant's failure to assert his rights weighs against finding a constitutional violation. *See id.* at 532.

The fourth factor considers prejudice to the defendant, including oppressive incarceration, anxiety, and impairment of the defense caused by loss of evidence and memory. *See id.* Proof of actual prejudice is not required in every speedy trial claim because impairment of defense "'can rarely be shown.'" *Doggett*, 505 U.S. at 655 (quotation omitted). Therefore, as delay mounts, so too does the level of presumptive prejudice because the passage of time negatively affects the reliability of the trial. *See id.* However, the indiscrete nature of presumptive prejudice means that a court cannot be sure which side is prejudiced more severely. *See id.* (citations omitted). Consequently, presumptive prejudice cannot carry a Sixth Amendment claim alone; instead, the court should consider this factor along with other relevant facts. *See id.* at 655-56 (citation omitted).

In this case, although the Government filed the Indictment on June 30, 2004, Defendant did not appear in this Court until December 6, 2005, due to the Government's difficulties in locating him. From the date of his first appearance, the delay now stands at more than eleven

months.[2]  However, pre-indictment delay is also relevant to this inquiry, and more than four years passed between the original complaint and the present Indictment.  *See Vispi*, 545 F.2d at 333. Viewing these lengths of time together, the Court concludes that it is appropriate to address the other *Barker* factors as the challenged delay slightly crosses the threshold of presumptive prejudice.

Concerning the reason for the delay, there is no evidence that the Government intentionally delayed this prosecution.  Although the Government was clearly remiss in its delay in bringing this case to trial, it is also clear that there was no intentional delay in order to gain a tactical advantage.[3]  Based on the evidence that the parties have presented, the Court concludes that this factor weighs against finding a Sixth Amendment violation.

Defendant had a responsibility to assert his speedy trial rights in a timely manner, and he first raised these concerns through his counsel's letter dated January 18, 2006, which requested discovery material relevant to the delay.  *See* Dkt. No. 7.  Defense counsel then attempted to compel discovery on February 7, 2006, but the Court denied his request the next day and advised him to file a formal motion.  *See* Dkt. No. 8.  However, a period of approximately seven months passed before Defendant filed the present motion seeking dismissal on speedy trial grounds.  *See* Dkt. No. 9.  Although the Second Circuit rejected a Sixth Amendment challenge in a case involving a defendant's seven-month delay in asserting speedy trial rights in *United States v.*

---

[2] Pursuant to the Speedy Trial Act, an additional period would be excluded due to this pretrial motion's pendency.  *See* 18 U.S.C. § 3161.

[3] The Government points to the delay caused by negotiations concerning Defendant's cooperation and the successive appointments of three different defense counsel, one of whom left the area and the case without notice.

*Williams*, 372 F.3d 96 (2d Cir. 2004), the present case is distinguishable from *Williams* because it lacks complexity and the need for extensive pretrial investigation, discovery and motions. *See id.* at 113. Therefore, the Court concludes that this factor does not weigh against Defendant's claim.

Regarding prejudice, Defendant's only claim of actual prejudice is a confusing assertion that court files related to the original complaint might have been lost. The Court finds this claim unsubstantiated. Thus, Defendant is left solely with presumed prejudice due to the passage of time, and the Court finds such prejudice minimal. *Doggett*'s admonition that evidence of actual prejudice is not necessary in every case of this nature does not provide defendants with a talisman to establish a Sixth Amendment violation irrespective of the other *Barker* factors. Moreover, the delay in this case does not approach the extreme eight-year delay in *Doggett*, which validated that defendant's claim of presumed prejudice; and Defendant has not articulated any actual prejudice. As a result, this factor weighs strongly against Defendant's Sixth Amendment claim.

In conclusion, the Court finds that, based on the analysis of the *Barker* factors, a Sixth Amendment violation of Defendant's speedy trial rights has not occurred in this case. Accordingly, the Court **DENIES** Defendant's motion to dismiss the Indictment based on the Sixth Amendment.

## IV. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and oral arguments, and the applicable law, and for the reasons stated herein, as well as at oral argument,

the Court hereby

**ORDERS** that Defendant's motion to review Magistrate Judge Homer's dismissal of the original complaint "without prejudice" is **DENIED**; and the Court further

**ORDERS** that Defendant's motion to dismiss the Indictment based on the Speedy Trial Act, the Fifth Amendment, and the Sixth Amendment is **DENIED**; and the Court further

**ORDERS** that counsel are to appear for the Final Pretrial Conference in this matter on **January 24, 2007, at 2:00 p.m.** by video conference; and the Court further

**ORDERS** that the trial of this matter will commence on **February 5, 2007, at 9:00 a.m.** in **Syracuse, New York**.


**IT IS SO ORDERED.**

Dated: December 8, 2006
       Syracuse, New York

*/s/ Frederick J. Scullin*
Frederick J. Scullin, Jr.
Senior United States District Court Judge